IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOV RATCHKAUSKAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 20-1224 |
| vs. ) | Judge Nora Barry Fischer |
| ) | |
| GEORGE KUBINI, *et al.*, ) | |
| ) | |
| Defendants. | |

## MEMORANDUM OPINION

### I. INTRODUCTION

In this civil case, Plaintiff Dov Ratchkauskas brings claims of contribution and unjust enrichment against his co-conspirators seeking their pro rata shares of $862,358 of restitution, which he has now satisfied. (Docket No. 1). Presently before the Court are motions to dismiss by Defendants Arthur Smith, Daniel Sporrer, and Sandra Svaranowic, (Docket Nos. 5; 10; 12), Plaintiff Dov Ratchkauskas's responses thereto, (Docket Nos. 6; 15), and Smith's and Svaranowic's replies. (Docket Nos. 17; 18). After careful consideration of the parties' positions and for the following reasons, Defendants' motions [5], [10], and [12] are granted. Ratchkausakas's complaint is dismissed, with prejudice.

### II. BACKGROUND

This Court is well familiar with the criminal cases against Ratchkauskas and the Defendants here, as the Court has presided over and written extensively on the matters. Relevant here, on February 24, 2015, Ratchkauskas pled guilty to two counts of the superseding indictment against him. *See United States v. Kubini*, Crim. No. 11-14, Docket No. 1 (W.D. Pa. Jan. 18, 2011).[1]

---

[1] When reviewing a motion to dismiss, in addition to the complaint itself, the Court may consider documents attached to the complaint as well as take judicial notice of matters of public record

1

Ratchkauskas's co-conspirators, who are named as Defendants here, including Karen Atkison, George Kubini, Cynthia Pielin, Joel Reck, Arthur Smith, Daniel Sporrer, and Sandra Svaranowic, also pled guilty to similar charges. *See id.* at Docket Nos. 388; 394; *see also United States v. Atkinson*, Crim. No. 09-223, Docket No. 22 (W.D. Pa. Dec. 18, 2009); *United States v. Sporrer*, Crim. No. 09-311, Docket No. 23 (W.D. Pa. May 27, 2010); *United States v. Pielin*, Crim. No. 11-255, Docket No. 18 (W.D. Pa. Apr. 4, 2012); *United States v. Reck*, Crim. No. 11-221, Docket No. 28 (W.D. Pa. June 26, 2012).

Ratchkauskas was sentenced to 57 months' imprisonment and ordered to pay $862,358 of restitution to the identified victims. *See Kubini*, Crim. No. 11-14, at Docket No. 715; Docket No. 723. The Court ordered that the restitution was to be "joint and several[ly] liab[le] with any other party found to be responsible including the co-defendants at Criminal No. 11-14 and the defendants in the related cases, including the following defendants: Karen Atkison (Criminal No. 09-223); Daniel Sporrer (Criminal No. 09-311); Cynthia Pielin (Criminal No. 11-255); Rochelle Roscoe (Criminal No. 11-17) and Joel Reck (Criminal No. 11-221)." *Id.* In its restitution order, the Court credited Ratchkauskas with the $400,000 of restitution, which had been satisfied from property subject to forfeiture. *See id.* After being released from prison, on May 10, 2019, Ratchkauskas satisfied the balance of the restitution order. *See id.* at Docket No. 800.

Ratchkauskas filed a civil complaint in this Court on August 18, 2020, seeking contribution and claiming unjust enrichment against those who were joint and severally liable for the restitution. (Docket No. 1). Sporrer moved to dismiss the complaint on September 11, 2020, for failure to state

---

and prior judicial opinions. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009); *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

a claim. (Docket No. 5).² On November 30, 2020, Smith and Svaranowic likewise moved to dismiss the complaint, with Svaranowic adopting Smith's argument. (Docket Nos. 10; 12). Ratchkauskas responded in opposition to each motion. (Docket Nos. 6; 15). On January 22, 2021, Smith and Svaranowic filed their respective replies. (Docket Nos. 17; 18). As such, the Court considers Defendants' motions to dismiss fully briefed and ripe for disposition.

### III. LEGAL STANDARD

A motion to dismiss tests the legal sufficiency of the complaint. *S.K. v. N. Allegheny Sch. Dist.*, 146 F. Supp. 3d 700, 708 (W.D. Pa. 2015) (Conti, C.J.) (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993)). To survive a motion to dismiss, a plaintiff does not need to plead detailed factual allegations; rather, he must only show a plausible entitlement to relief. *See id.* at 709 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (citing *Twombly*, 550 U.S. at 556).

When assessing the plausibility of a complaint, the Third Circuit Court of Appeals has articulated a three-step process. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The first step involves articulating the necessary elements of the plaintiff's claims. *See id*; *see also Iqbal*, 556 U.S. at 675. The second step scrutinizes the allegations in the complaint, calling for the Court to identify and disregard any "formulaic recitation of the elements of a claim or other legal conclusion" and "allegations . . . [that] are . . . so threadbare or speculative that they fail to

---

² In addition to moving to dismiss Ratchkauskas's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), Sporrer also moved to dismiss under Fed. R. Civ. P. 19 for failure to join an indispensable party, namely the Department of Justice. (*See* Docket No. 5). Because the Court has granted dismissal under Rule 12, the Court need not address Sporrer's Rule 19 argument.

cross the line between the conclusory and the factual." Connelly, 809 F.3d at 789-90 (alteration, internal quotation marks, and citations omitted). The third and final step requires the Court to evaluate the remaining allegations, assuming their veracity and viewing them in the light most favorable to the plaintiff, to determine whether plaintiff has plausibly pled a claim. See id. And while courts generally do not consider affirmative defenses at the motion-to-dismiss stage of a case, they may be addressed when they appear on the face of the complaint. See Morrison v. Chatham Univ., 2016 WL 4701460, at *4 (W.D. Pa. Sept. 8, 2016) (citing Ball v. Famiglio, 726 F.3d 448, 459 n.16 (3d Cir. 2013), abrogated on other grounds)).

## IV. DISCUSSION

Having considered the parties arguments and in light of the relevant standards, the Court finds that Ratchkauskas's two-count complaint fails to allege a plausible entitlement to relief and is subject to dismissal. As is more fully explained below, his first claim for contribution fails to allege a cognizable theory of recovery because no right of contribution exists among criminal co-conspirators, and his second claim for unjust enrichment is barred by his own criminal conduct. Moreover, when the Court imposed its restitution order, it did not apportion the amounts on each individual defendant. See 18 U.S.C. § 3664(h) ("If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant."). Instead, the Court ordered that each defendant shared "joint and several liability," meaning that the victims could recover their losses from "all or some of the wrongdoers." See United States v. Diaz, 245 F.3d 294, 312 (3d Cir. 2001). Accordingly, the victims were entitled to recover the entire $862,358

from Ratchkauskas and his claims for contribution and unjust enrichment fail as a matter of law. The Court will address the deficiencies of each claim in turn.

### A. Contribution

At the outset, contribution has been defined as a "tortfeasor's right to collect from others responsible for the same tort after the tortfeasor has paid more than his or her proportionate share, the shares being determined as a percentage of fault." *United States v. Atl. Rsch. Corp.*, 551 U.S. 128, 138 (2007) (quoting Black's Law Dictionary 353 (8th ed. 2004) (internal quotation marks omitted)). "Typically, a right to contribution is recognized when two or more persons are liable to the same plaintiff for the same injury and one of the joint tortfeasors has paid more than his fair share of the common liability." *Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO*, 451 U.S. 77, 87-88 (1981). But, there is no "general federal right to contribution." *See id.* at 96. Rather, in order to have a cognizable right to contribution, the right must be either: (1) statutory (express or implied); or (2) judicially created as a part of federal common law. *See id.* at 90.

Ratchkauskas's first count in his complaint pleads a statutory entitlement to contribution under Pennsylvania's Uniform Contribution Among Tortfeasors Act ("UCATA"). *See* 42 PA. CONST. STAT. ANN. § 8324; *see also* (Docket No. 1). Under the UCATA, "[t]he right of contribution exists among joint-tortfeasors." 42 PA. CONST. STAT. ANN. § 8324(a). "Joint tortfeasors" are defined "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." *Id.* § 8322. "Under Pennsylvania law, two actors are joint tortfeasors if their conduct 'causes a single harm which cannot be apportioned . . . even though [the actors] may have acted independently.'" *Rabatin v. Columbus Lines, Inc.*, 790 F.2d 22, 25 (3d Cir. 1986) (citing *Capone v. Donovan*, 480 A.2d 1249, 1251 (Pa. Super. Ct. 1984)).

5

The operative phrase for the purposes of the UCATA's right to contribution is that it exists among *joint tort-feasors* who are jointly and severally liable for a civil judgment grounded in *tort*. Ratchkauskas cannot state a plausible claim for contribution under the UCATA because, as Defendants point out, he does not fall within the statute's purview. First, he and Defendants are criminal co-conspirators, not joint tort-feasors, who engaged in criminal, not tortious conduct. *See United States v. Zarra*, 2011 WL 3667313, at *4, n.6 (W.D. Pa. Aug. 22, 2011) (Conti, C.J.) ("A claim for contribution . . . is only proper when it arises between joint tortfeasors."). And his restitution liability arises from a criminal judgment as a result of his criminal conduct, not a civil one grounded in tort. *See Paroline v. United States*, 572 U.S. 434, 453 (2014) ("Aside from the manifest procedural differences between criminal sentencing and civil tort lawsuits, restitution serves purposes that differ from . . . the purposes of tort law."). Even if Ratchkauskas's shared criminal conduct with his co-conspirators also constituted tortious conduct, he does not allege that the restitution liability that he has satisfied arises from any civil claims or judgments. Therefore, because the criminal restitution order is the only judgment against him, the Court holds that Ratchkauskas cannot state a claim for contribution under the UCATA as a matter of law.

Moving on, Ratchkauskas has cited no authority stating that a right to contribution exists amongst co-conspirators and the Court's independent research has not located any such authority. To this end, in *Wang v. Yin*, the Court held that no right of contribution, either judicially or statutorily, has ever been recognized among criminal co-defendants who are joint and severally liable for restitution. 2016 WL 9503739, at *1 (S.D. Cal. Nov. 7, 2011). In *Wang*, like Ratchkauskas, the criminal defendant sought contribution for a restitution obligation that he had satisfied in a criminal case. *See id.* at *2. There, the Court reasoned that Wang did not have a statutory right to contribution because "Congress has provided a detailed statutory restitution

scheme governing federal crimes, and that scheme does not include a right of contribution." *See id.* at *3. And because Wang was not seeking contribution for *civil* liability, the Court found no right to contribution. *See id.* (finding the Supreme Court's decision in *Musick, Peeler, & Garrett v. Emps. Ins. of Wausau*, 508 U.S. 286 (1993), which held that Congress would have included a right to contribution for civil liability in 10b-5 actions, was inapplicable in the criminal restitution context).

The Court finds the reasoning in *Wang* persuasive. Ratchkauskas, like Wang, is seeking contribution for a criminal judgment of restitution. Neither Pennsylvania nor federal statutes provide him with a right to contribution in that context, as such a claim does not exist among criminal co-conspirators. And without at least some implied statutory directive that such a right exists, this Court declines to judicially fashion one here.³ Thus, because no right of contribution is recognized in this context, Ratchkauskas has failed to state a claim for contribution upon which relief may be granted, and the Court will grant Defendants' motions to dismiss such claim.

### B. Unjust Enrichment

The Court next discusses Ratchkauskas's claim that Defendants were unjustly enriched when he satisfied the full amount of the restitution order. (Docket No. 1). Unjust enrichment, which

---

³ The Supreme Court has counseled against judicially creating a right of contribution and has consistently declined to do so absent clear Congressional intent. *See, e.g.*, *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 646 (1981) (finding defendant had no right to contribution against co-conspirators for civil damages awarded under § 1 of the Sherman Act); *Nw. Airlines*, 451 U.S. at 98 (holding employers had no right to contribution against unions for civil liability under the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964); *see also id.* at 95-96 (recognizing that *Cooper Stevedoring Co. v. Fritz Kopke, Inc.*, 417 U.S. 106 (1974), which created a non-statutory right to contribution among joint tortfeasors for injuring longshoreman, was "[a] narrow exception to the limited lawmaking role of the federal judiciary is found in admiralty"); *Musick*, 508 U.S. at 297 (finding a right to contribution where "[g]iven the identity of purpose behind [the statutory sections], and similarity in their operation, [the Court found] no ground for ruling that allowing contribution in 10b–5 actions w[ould] frustrate the purposes of the statutory section from which it is derived").

itself is a form of restitution in civil cases,[4] is an equitable doctrine. *See Allegheny Gen. Hosp. v. Phillip Morris, Inc.*, 228 F.3d 429, 447 (3d Cir. 2000); *Beltz v. Erie Indem. Co.*, 279 F. Supp. 3d 569, 585 (W.D. Pa. 2017). In Pennsylvania, the elements of an unjust enrichment claim are: "(1) benefits conferred on defendant by Plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Gabriel v. Giant Eagle, Inc.*, 124 F. Supp. 3d 550, 568 (W.D. Pa. 2015) (Conti, C.J.) (citations omitted).

Defendants raise the affirmative defense, *in par delicto*, to assert that Ratchkauskas's unjust enrichment claim is barred by his own criminal conduct. *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 660 F. Supp. 2d 590, 601 (W.D. Pa. 2009). Under the doctrine of *in pari delicto*, or "in equal fault," "no court will lend its aid to a man who grounds his actions upon an immoral or illegal act." *See Am. Bell Inc. v. Fed'n of Tel. Workers of Pa.*, 736 F.2d 879, 886 (3d Cir. 1984); *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 393 F. Supp. 2d 348, 362 (W.D. Pa. 2005); *see also Fowler v. Scully*, 72 Pa. 456, 467 (Pa. 1872). The doctrine serves as a bar to recovery where a "civil suit necessarily [i]s grounded in the very same conduct . . . that the federal trial and appellate courts deemed violative of the United States Criminal Code." *Joyce v. Erie Ins. Exch.*, 74 A.3d 157, 166 (Pa. Super. Ct. 2013).

Here, it is evident from the face of Ratchkauskas's complaint that his civil suit is grounded on the restitution ordered as part of his criminal judgment. Ratchkauskas's restitution was imposed against him as a result of his own criminal conduct, *i.e.* bank fraud and money laundering. He pled

---

[4] *See Steamfitters Local Union No. 420 Welfare Fund v. Phillip Morris, Inc.*, 171 F.3d 912, 936 (3d Cir. 1999); *see also Powers v. Lycoming Engines*, 328 F. App'x 121, 126 (3d Cir. 2009) (defining unjust enrichment as "a form of restitution") (citing *Mitchell v. Moore*, 729 A.2d 1200, 1202 n.2 (Pa. Super. Ct. 1999)).

guilty and accepted responsibility for that conduct. Ratchkauskas cannot now attempt to skirt the responsibility to pay restitution for his crimes.

Moreover, Ratchkauskas fails to state a plausible claim for unjust enrichment because he cannot show that his satisfaction of the entire restitution amount would be inequitable. The $862,358 of restitution was intended to make the victims of Ratchkauskas's crimes whole by compensating for their losses. *See United States v. Simmonds*, 235 F.3d 826, 831 (3d Cir. 2000) ("[T]he primary and overarching goal of [the Mandatory Victims Restitution Act] is to make victims of crime whole, to fully compensate these victims for their losses and to restore these victims to their original state of well-being[.]"). When imposing that restitution amount, the Court had the discretion to "make each defendant liable for payment of the full amount of restitution" or to apportion liability. *See* 18 U.S.C. § 3664(h). The Court decided that, in the interests of making the victims whole, each defendant must share "joint and several liability," meaning that the victims could recover their losses from "all or some of the wrongdoers." *See Diaz*, 245 F.3d at 312. Thus, it would not be inequitable for Ratchkauskas to satisfy the entire restitution amount. Rather, it would be consistent with the intended purposes of restitution in criminal cases. *See Paroline*, 572 U.S. at 456 ("The primary goal of restitution is remedial or compensatory, but it also serves punitive purposes[.]") (citations omitted). For these reasons, Defendants' motions to dismiss Ratchkauskas's unjust enrichment claims is granted.

**C. Leave to Amend**

"Plaintiffs in ordinary civil litigation ... must take affirmative steps to obtain amendment in the face of dismissal." *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017). To this end, it is a long-standing rule in the Third Circuit that "to request leave to amend a complaint, the plaintiff must submit a draft amended complaint to the court so that it can determine whether amendment

would be futile." *Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). Here, as Ratchkauskas has neither moved to amend his complaint nor presented the Court with a proposed amended pleading, the Court declines to *sua sponte* extend him the opportunity to submit an amended complaint. *See Garza v. Citigroup Inc.*, 724 F. App'x 95, 101 (3d Cir. 2018) ("Our precedent is clear that district courts act within their discretion when they reject undeveloped requests for leave to amend that ... are unaccompanied by a proposed amended pleading. For that reason alone, the District Court did not abuse its discretion when it refused to grant leave to amend before judgment . . . ."). The Court further finds that leave to amend should be denied as any amendment would be futile given the Court's analysis set forth above. *See Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) ("Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted.") (internal quotation marks and citation omitted). Therefore, leave to amend is denied. *See Geneva Coll. v. Sebelius*, 929 F. Supp. 2d 402, 420 (W.D. Pa. 2013) (Conti, C.J.) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)); *see also Great W. Mining*, 615 F.3d at 175 ("[F]utility of amendment is a sufficient basis to deny leave to amend.").

### V. CONCLUSION

Based on the foregoing, Ratchkauskas has failed to state a claim upon which relief can be granted. Accordingly, Defendants' Motions to dismiss [5], [10], [12] are hereby GRANTED and his complaint is DISMISSED with prejudice.[5] An appropriate order follows.

---

[5] Ratchkauskas's claims against the remaining Defendants suffer from the same defects articulated above. "A court may dismiss claims *sua sponte* where the inadequacy of a claim is apparent as a matter of law." *Tegg Corp. v. Beckstrom Elec. Co.*, 650 F. Supp. 2d 413, 428 n.14 (W.D. Pa. 2008) (alteration, internal quotation marks, and citation omitted). Thus, the Court dismisses the claims against the remaining Defendants *sua sponte*. *See Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) ("[F]or a court to grant judgment on the pleadings, sua sponte, is not error. The district court may on its own initiative enter an order

s/Nora Barry Fischer
Nora Barry Fischer
Senior U.S. District Judge

Date:   February 12, 2021

cc/ecf:  All counsel of record.

---

dismissing the action provided that the complaint affords a sufficient basis for the court's action."); *see also Ryle v. Fuh*, 820 F. App'x 121, 123-24 (3d Cir. 2020) (affirming District Court's granting of defendant's motion to dismiss, and dismissal against some defendants *sua sponte*, where the Court dismissed the complaint with prejudice); *Vilkosfky v. Specialized Loan Servicing, LLC*, 2017 WL 839493, at *8 n.5 (W.D. Pa. Mar. 3, 2017) (dismissing defendants *sua sponte* at a motion to dismiss because "the issue was equally applicable to" all defendants); *Kaetz v. TransUnion*, 2006 WL 8451343, at *3 (M.D. Pa. Apr. 26, 2006) (*sua sponte* dismissing a defendant at a motion to dismiss "because the claims against it [were] identical to the claims against the other two defendants and thus suffer[ed] from the same deficiencies").